Kiel v. City of Chicago.

## Henry Kiel v. City of Chicago.

69  685<br>176s  137

1.  CITIES AND VILLAGES—*Power to License Brewers and Distillers.*— Clauses 46, 66 and 91 of Sec. 62 of Chap. 24, R. S., give a city power to enact an ordinance imposing a license upon persons carrying on the business of a brewer or distiller, and to provide that the selling or delivering within the city of any product of a brewery or distillery, by or on behalf of the person, firm or corporation conducting or operating such brewery or distillery, shall be held to be carrying on the business of a brewer or distiller.

2.  CONSTRUCTION—*Of Penal Statutes.*—While penal statutes are to be strictly construed and not extended by implication to persons or things not expressly within their terms, they must be construed reasonably and matters clearly included may not be omitted by construction.

3.  LICENSES—*Exemption as to Articles.*—An ordinance imposing a license on persons carrying on the business of a brewer or distiller is not rendered void because it exempts weiss beer. Such an exemption is as to an article, not a person.

4.  SAME—*Statements as to Applicant's Business in Applications for.* —Provisions requiring a disclosure by the applicant for a license of his place or places of business outside of the city to which application is made, and of the name of each and every agent representing the applicant in such city, are not unreasonable regulations as aids to a proper enforcement of the ordinance.

**Transcript**, from a justice of the peace.    Appeal from the Criminal Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1897.    Affirmed.    Opinion filed April 15, 1897.

## STATEMENT OF THE CASE.

The case at bar is the outgrowth of three actions in debt originally instituted in a justice court by the city of Chicago, against the defendant, Henry Kiel, and others, to recover a penalty for the alleged violation of an ordinance passed by the common council of the city of Chicago, on the 30th day of March, A. D. 1896, which resulted in judgment in favor of the city.    An appeal was taken in each of the said cases to the Criminal Court of Cook County, where, by agreement of counsel, the three cases were consolidated and submitted to the court for trial, without the intervention of a jury, upon a stipulation of facts.

The court found the defendants guilty and assessed a fine of $100 against each and entered a judgment on the finding, but suspended the judgment in two cases, pending a decision herein by this court; from the said judgment the defendant, Henry Kiel, prosecutes this appeal.

The defendant was employed by the Herman Berghoff Brewing Company of Ft. Wayne, Indiana, to, and did sell and deliver their beer in the city of Chicago; none of the beer so sold and delivered was made or brewed within the corporate limits of the city of Chicago; this the defendant did without a license under the ordinance in question.

Section one and a portion of section two of the ordinance under consideration are as follows:

"Section 1.    No person, firm or corporation shall carry on the business of a brewer or distiller within the city of Chicago, without having first obtained a license for such business as hereinafter provided, for each brewery and each distillery conducted by such person, firm or corporation. The selling or delivering within said city of any product of a brewery or distillery, by or on behalf of the person, firm or corporation conducting or operating such brewery or distillery, shall be held to be carrying on the business of a

brewer or of a distiller, as the case may be, within the meaning of this ordinance, and to be covered by this ordinance; provided that the provisions of this ordinance shall not apply to the manufacture or sale of weiss beer.

"Section 2.   Any person, firm or corporation desiring to carry on the business of brewer or distiller in said city, shall file with the city clerk or city collector an application containing the full name of the applicant, the business proposed to be carried on, and whether such business will include brewing or distilling within said city, or only disposing, within said city, of liquors brewed or distilled by the applicant elsewhere, the location of the place or places of business of the applicant, including the location of the brewery or distillery whose product is to be disposed of in said city under the license, and the name of each and every agent within said city representing any such applicant whose business may be carried on in said city through an agency.   A separate application shall be made in respect to each brewery or distillery wherever located."

FITCH & DUHA, attorneys for appellant.

It is the well settled law in this State that "municipal corporations exercise only delegated and limited powers, and in the absence of express statutory provisions to that effect courts are authorized to indulge in no presumptions in favor of the validity of their ordinances.   If in conformity with the express or necessarily implied grant in the charter, they are valid—otherwise not."   Schott v. People, 89 Ill. 197.

It is also the law in this State that "penal statutes are to be strictly construed and not extended by implication to persons or things not expressly within their terms."   Chicago v. Rumpf, 45 Ill. 90; Wright v. People, 61 Ill. 382; Waddle v. Duncan, 63 Ill. 223; Siegel v. People, 106 Ill. 98.

An ordinance is void if it unjustly discriminates between persons coming within the same class or if it imposes burdens on some, from which others are, by its terms, exempt.   City

of Cairo v. Feuchter, 159 Ill. 155; Timm v. Harrison, 109 Ill. 593; City v. Tate, 130 Ill. 247; Tugman v. City, 78 Ill. 405; East St. Louis v. Wehrung, 50 Ill. 28; Concordia Cemetery v. M. Ry. Co., 121 Ill. 199; Zanone v. Mound City, 103 Ill. 556.

WILLIAM G. BEALE, corporation counsel, TIFFANY BLAKE, assistant corporation counsel, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Clauses 46, 66 and 91 of article 5 of chapter 24 of the Revised Statutes, give to the city power to enact the ordinance. McPherson v. Village of Chebanse, 114 Ill. 46; Dennehy v. City of Chicago, 120 Ill. 627; Schumm v. Gardner, 25 Ill. App. 633.

Penal statutes are, indeed, to be strictly construed, and not extended by implication to persons or things not expressly within their terms, but they are to be reasonably construed.

The ordinance clearly includes both selling and delivering beer within the city.

Selling beer is certainly a part of the ordinary business of a brewer. A brewer makes beer to sell, not to give away or consume. A part of his ordinary business is carried on wherever he sells or delivers beer.

The ordinance is not rendered void by its exemption of weiss beer. The exemption is as to an article, not to persons. Timm v. Harrison, 109 Ill. 593.

The provisions requiring a disclosure by the applicant for a license of his place or places of business outside the city of Chicago, and of the name of each and every agent representing the applicant, are not unreasonable regulations as aids to a proper enforcement of the ordinance.

The judgment of the Criminal Court is affirmed.