(No. 23383.— )

THE PEOPLE *ex rel.* John L. Rusch, Defendant in Error, *vs.*
RAYMOND O. ENGER *et al.* Plaintiffs in Error.

*Opinion filed October 14, 1936—Rehearing denied Dec. 3, 1936.*

LOUIS GREENBERG, and MAYER GOLDBERG, (THOMAS J.
NASH, and MICHAEL J. AHERN, of counsel,) for plaintiffs
in error.

THOMAS J. COURTNEY, State's Attorney, and DITCH-
BURNE & LOUNSBURY, (THOMAS J. JOHNSON, JR., of coun-
sel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error seek reversal of a judgment of the
county court of Cook county adjudging them in contempt
of court for misconduct while serving as judges and clerks

of election in the city of Chicago. The cause is brought directly to this court under the claim that a constitutional question is involved.

One of the errors assigned is that the City Election act is a special law and as such is invalid. Counsel admit that the court has sustained the constitutionality of the act in several cases but contend that the attack in this case is on different grounds not heretofore urged to the court. While couched in different language, the charge of invalidity on the ground just stated is the same, in effect, as that contended for in *People* v. *White*, 334 Ill. 465, and *People* v. *Hoffman*, 116 id. 587, where that contention was held not good.

The next contention is that section 13 of article 2 of the City Election act, making judges and clerks of election officers of the county court, is unconstitutional because they thus become deputies and assistants and their number is not determined by a rule of the circuit court, in violation of section 9 of article 10 of the constitution, providing that such deputies and assistants shall be so determined. In *Sherman* v. *People*, 210 Ill. 552, this act was attacked on the ground that it bore the false assumption that judges and clerks of election as such are concerned in the administration of justice, and that the General Assembly has no power, under the constitution, to make such judges and clerks officers of the county court. In effect the present contention is but a variation of that denied in *Sherman* v. *People, supra.* That case, and *People* v. *Hoffman, supra,* cover this point entirely. Judges and clerks of election are by the City Election act made officers of the court. They are not clerks, deputies or assistants.

Plaintiffs in error's next contention is that the title of the act violates section 13 of article 4 of the constitution, in that the subject contained in the act is not expressed in the title. This question was decided adversely to plaintiffs

in error's contention in *People* v. *Hoffman,* 322 Ill. 174. This contention needs no further comment.

Plaintiffs in error next contend that the county court must be held in the place provided by law, and that as judges and clerks of election are officers of the county court and are supposed to perform at least some of the judicial duties in the conduct of elections, there is thus conferred on the county court jurisdiction to hold elections and to function in each precinct of the city simultaneously. As was held in *People* v. *White, supra,* the county court is given supervisory power over the honest conduct of elections. By no stretch of imagination can it be said that because judges and clerks of election are officers of the court the county court is holding or conducting an election in the various parts of the city or county at the various polling places. This contention is utterly lacking in merit.

The last contention made by plaintiffs in error is, that while the act defines various offenses it provides no penalty, and their counsel say that the legislature has the sole power to define offenses and provide punishment for their commission, and by the use of the term "contempt" in defining an offense the legislature has improperly attempted to delegate to the courts the power to provide punishment for that offense. It will be borne in mind that the City Election act provides that judges and clerks shall be officers of the county court, and a violation of their duties under the Election law is a contempt of court. The power of a court to punish for contempt is inherent in the court and has been exercised from earliest times. It is the means by which courts may vindicate their own authority and is a necessary incident to every court of justice. This is a universally accepted doctrine and requires no citation to support it. When the legislature provided that judges and clerks of election are officers of the court and that violation of their duties under the Election law constitutes contempt such did not delegate legislative functions nor invade the

province of the court and it was unnecessary to prescribe the character of punishment, as courts, in the exercise of their inherent power over their officers, may provide such reasonable punishment as in their judgment should be meted out.

No new questions are presented in these assignments of error, as counsel should know.

There is no error in this record, and the judgment of the county court is affirmed.            *Judgment affirmed.*