(No. 23576.—

THE PEOPLE *ex rel.* JOHN L. RUSCH, Defendant in Error, *vs.* EDWARD LADWIG *et al.* Plaintiffs in Error.

*Opinion filed February 18, 1937—Rehearing denied April 7, 1937.*

THOMAS D. NASH, MICHAEL J. AHERN, LOUIS GREEN-BERG, and MAYER GOLDBERG, for plaintiffs in error.

THOMAS J. COURTNEY, State's Attorney, and DITCH-BURNE & LOUNSBURY, (THOMAS J. JOHNSON, JR., of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error seek a reversal of the judgment of the county court of Cook county adjudging them in contempt of court for misconduct while serving as judges of election in the city of Chicago, and sentencing them to imprisonment for one year in the county jail of Cook county. They bring the cause directly here on the ground that constitutional questions are involved concerning the validity of the City Election act. Their counsel attack section 13 of article 2 of that act. Notwithstanding this section of the City Election act has been repeatedly sustained by this court since the case of *People* v. *Hoffman,* 116 Ill. 587, counsel here say that they have new grounds of attack. As to some of their points counsel seem to confuse new ground of attack with new argument on old grounds. This court has held that when an act, though sustained as valid, is attacked on grounds not previously examined by this court, it will take jurisdiction to consider such grounds of attack, but that does not mean that because counsel may have thought of some argument not pressed upon the court concerning a ground of attack previously passed upon, such will justify the taking of the case or consideration of the court. This court has so many times made this announcement that there should be no misunderstanding on the part of counsel concerning it.

One ground of attack here is, that section 13 of article 2 of the City Election act is in violation of section 18 of article 6 of the constitution, in that it is not a general law as contemplated by the framers of the constitution. They say that the jurisdiction of county courts can be extended

only by an amendment of the act of March 26, 1874, to extend the jurisdiction of such courts; that the language of section 18 of article 6 means that extension of jurisdiction of the county court must be by "a" general law, and that there being a general law for extension of county court jurisdiction, further jurisdiction can be conferred only by amendment of that act. While this is but another phase of an argument answered by this court in *People* v. *Enger,* 364 Ill. 464, *People* v. *White,* 334 id. 465, *People* v. *Gordon,* 274 id. 462, *Sherman* v. *People,* 210 id. 552, and *People* v. *Hoffman, supra,* we will again say that section 13 of article 2 of the act in question is not in violation of section 18 of article 6 of the constitution. In the first place, the constitutional provision is not that further jurisdiction may be given to county courts by "a" general law but the language is "such other jurisdiction as may be provided for by general law." Obviously, any law, general in its nature, providing other jurisdiction for the county court, complies with section 18 of article 6. In *People* v. *Gordon, supra,* citing *People* v. *Hoffman,* 116 Ill. 587, where this same objection was raised, this court said: "This election law is not local or special because of the limited number of cities, towns and villages which may have adopted it. It may rather be said of it that it is general because of the possibility that all the cities, towns and villages in the State may accept its provisions if they choose." While counsel for plaintiffs in error concede that this court has decided that the law is not local or special, yet they say this court has not determined whether such additional jurisdiction can be only by amendment to the County Court act. If the act is general, as these cases hold that it is, section 18 of article 6 is complied with. There is nothing in that section of the constitution limiting the legislature to a single act. This contention is without merit.

It is next contended that the act violates the fifth clause of section 13 of article 4 of the constitution which declares

that no law shall be revived or amended by reference to its title only but the law revived or the section amended shall be inserted at length in the new act. The argument supporting this claim of invalidity is that section 13 of article 2 of the act affects the jurisdiction of county courts and so is an amendment to the County Court act. They say this has never been passed upon and rely upon *Nelson* v. *Hoffman,* 314 Ill. 616, and *People* v. *Stevenson,* 272 id. 325. In the *Nelson case* the act held violative of section 13 of article 4 was an act to amend an act regarding chattel mortgages by adding thereto a section known as section 4a. Under the original act section 4 declared every chattel mortgage acknowledged and recorded in accordance with the act, if *bona fide,* good and valid against all the world from the time of filing for record. The only purpose in the enactment of section 4a was to amend section 4 so that mortgages acknowledged and recorded should be valid liens, from the time of filing for record, against everybody except creditors of the mortgagor, as to whom they were not valid liens unless filed for record within ten days after execution. As is clearly seen, the enactment there considered was of the exact kind against which section 13 of article 4 is aimed. Both sections there considered dealt with the filing for record of chattel mortgages. The only purpose of section 4a was to change section 4 so that such mortgages should not be valid prior liens against all the world. Such a case is not analogous to the situation before us. So with the *Stevenson case,* where an act known as the Real Estate Agency Corporation act, amended sections 1 and 5 of the General Incorporation act without setting up the amended sections in full in the new act. It was there held that the act did nothing more than change the provisions of those sections of the General Incorporation act and for that reason those sections should have been set out. It is contended here that section 13 of article 2 of the City Election act changes the act of 1874 relating to jurisdiction of

county courts. This is a misapprehension. No existing jurisdiction of county courts is changed or affected in any manner. The fact that new or additional jurisdiction not in any way conflicting with that already vested in the county court is given by an act, independent and complete in itself, does not bring the section within the prohibition of section 13 of article 4. Many examples occur in the statutes where the effect of an independent act is to change, by implication, parts of a previous act, yet such are not in violation of section 13 of article 4, though the former sections are not copied into the new act. For example, in the case of contests of election, the statute on elections confers jurisdiction on the county court in certain specific contests not necessarily included in the jurisdiction conferred by the County Court act. Many other cases appear in the Statutes.

In *Timm* v. *Harrison*, 109 Ill. 593, this court said: "The mischief intended to be remedied by the constitution was that of the amendment of statutes by reference to their titles only. Under the practice which had prevailed, to amend a previous act merely by reference to its title, and in the insertion or striking out of certain words, or the making of some substitution therein, the amendatory act, of itself, would be unintelligible, and it would require examination, and comparison with the prior act, to understand what the real purport of the amendatory act was— hence the constitutional inhibition that 'no law shall be revived or amended by reference to its title only;' and in remedy of the evil the further provision is, 'but the law revived, or the section amended, shall be inserted at length in the new act.' " It was there held that sections 1 and 3 of an act entitled: "An act to restrict the power of counties, cities, towns and villages in licensing dram-shops," etc., did not violate the provisions of section 13 of article 4, though it was claimed that they amended the Dram-shop act of 1874, without setting forth the sections amended in

full. It was there said: "It is not perceived what purpose of use, or what intent of the constitution, would be subserved by re-publication of chapter 43 of the Revised Statutes as a part of the act of June 15, 1883."

In *Hollingsworth* v. *Chicago and Carterville Coal Co.* 243 Ill. 98, the rule to be observed in determining whether an act violates this clause of section 13 of article 4 of the constitution, was well put by the late Justice Cartwright, as follows: "If the act is complete in itself without reference to the general act, it does not contravene the constitutional provision merely for the reason that it repeals, modifies or amends, by implication, the general act. Any new provision of law may in some sense be said to amend and change the prior system of laws, and whenever there is an irreconcilable conflict between two acts the later one must prevail. To the extent of the conflict the later act amends the earlier one by implication, and if the later act is not amendatory in form and perfect in itself it is not within the prohibition of the constitution. It is not necessary, when a new act is passed, that all prior acts modified by it by implication shall be re-enacted and published at length." To the same effect are *Badenoch* v. *City of Chicago,* 222 Ill. 71; *People* v. *Knopf,* 183 id. 410, and *People* v. *Wright,* 70 id. 388.

In *Broder* v. *Krenn,* 334 Ill. 256, the same rule was announced. In *People* v. *Exton,* 298 Ill. 119, where it was argued that certain provisions of the act in relation to the community consolidated school districts violated section 13 of article 4 in that they amended certain sections of the general School law without incorporating those sections in the new act, this court said of the act: "It simply added to the School law the sections and specifically gave to the district organized under it the rights and powers of the whole act, and section 13 of article 4 of the constitution was not violated." The rule here quoted was also announced in *People* v. *Monroe,* 349 Ill. 270, and *Michaels* v. *Hill,* 328

id. 11. In *Bishop* v. *Chicago Railways Co.* 303 Ill. 273, the test was again laid down in the following language: "The test as laid down in the cases is, that where the old act must be read with the new in order to determine its provision concerning a liability, a duty or a right, or in order to give any effect whatever to the new act, then such new act comes within the terms of the constitutional provision. [Citing cases.] This provision is not construed to mean that when a new act is passed all prior acts in any way modified by it shall be published at length in the amendatory act. [Citing cases.] The purpose of this provision of the constitution is to avoid confusion arising from patchwork legislation, but it was not the purpose to require a practically endless reiteration of amended statutes."

An act is complete in itself as to the subject with which it deals, when it is intelligent and when upon examination without reference to other acts it discloses its purposes and its methods of carrying out those purposes. Section 13 of article 2 of the City Election law is such an act. It is not within the mischief intended to be remedied by section 13 of article 4. (*People* v. *City of Chicago,* 310 Ill. 534; *People* v. *Van Bever,* 248 id. 136; *People* v. *Jones,* 242 id. 138; *Erford* v. *City of Peoria,* 229 id. 546; *People* v. *Knopf, supra; School Directors* v. *School Directors,* 135 Ill. 464; *Timm* v. *Harrison, supra; People* v. *Wright, supra.*) As we have indicated, section 13 of article 2 does not amend the County Court act or purport to do so. The County Court act is in nowise changed. This act is complete in itself and gives to the county court jurisdiction in nowise affecting that conferred by the County Court act. It therefore does not come within the prohibition of the fifth clause of section 13 of article 4 of the constitution.

Plaintiffs in error next contend that this act contravenes section 29 of article 6 of the constitution in that it changes the jurisdiction, powers, proceedings and practice of county courts of certain counties of this State and

changes the force and effect of processes, judgments and decrees of such county courts, thus destroying the uniformity in jurisdiction, processes, judgments and decrees of courts of the same grade, required by this section of the constitution. They say that in counties in which a city or village has adopted the City Election act the jurisdiction, powers and proceedings of county courts is different from that of such courts in other counties of the State. The act vests in all county courts in the State, where a village or city adopts the City Election act, the same jurisdiction, but it appears to be the argument of counsel that because the legislature has seen fit to make the City Election act applicable only to those cities or villages which adopt it, the county court of the county in which such city or village is located, cannot take jurisdiction of such a matter arising under the act, because other county courts do not have like jurisdiction. The fact that certain election precincts of a county are not under the City Election act, or that in certain counties there are no cities or villages that have adopted the act, is no indication that the jurisdiction and powers vested in the county courts are not uniform. No further act of the legislature is required to bring cities or villages under the act and thus bring into the county court cases arising under that act. The act is adopted by a vote of the people of such cities or villages and when this is done the jurisdiction and powers of the county court stand ready to function just as the jurisdiction and powers of all county courts of the State stand ready to function where the adoption of the act has occurred, and this without further act on the part of the General Assembly. This being true, it must follow that such jurisdiction was given by the original act and was given to all county courts when the circumstances arise calling for its exercise. Thus the fallacy of counsel's argument becomes apparent. In short, it is not from lack of jurisdiction to hear proceedings arising under the City

Election act that county courts do not act under it where it has not been adopted by a city or village of the county, but because the act has not been adopted and no cases, therefore, can arise under it.

In *Kingsbury* v. *Sperry,* 119 Ill. 279, cited by plaintiffs in error, it was held that probate courts and county courts are, as respects matters of probate, guardianships and the like, courts of the same class or grade, and by reason of section 29 of article 6 of the constitution a writ of error could not be allowed to one court when denied the other in such cases. That case has no application here.

In *Evans* v. *Chicago Title and Trust Co.,* 317 Ill. 11, it was claimed that the judgment provisions under the Torrens law gave different jurisdiction, powers and proceedings to the circuit court of Cook county from those given other circuit courts of the State. It was held that this act was a general law which the legislature had power to pass and that it did not interfere with the uniform processes, jurisdiction, or proceedings of all courts, and so did not violate section 29 of article 6 of the constitution. It was there held that the difference in the subject matter involved in the decree justified the distinctions in methods of proceeding and such classification was not prevented by the constitution. So, also, in *Waugh* v. *Glos,* 246 Ill. 604. In *Knickerbocker* v. *People,* 102 Ill. 218, in considering section 29 of article 6 of the constitution, this court said: "It is manifest that the introductory clause of that section cannot be given effect according to the literal meaning of the broad terms in which it is conceived. To do so would lead to the most absurd consequences, and would be in direct conflict with the decisions of this court. The words are, 'all laws relating to courts shall be general and of uniform operation.' Notwithstanding this provision the legislature is constantly in the habit of passing special laws fixing the commencement and the length of the terms of particular courts, which are manifestly laws relating to courts,

and such acts, though neither uniform in their operation, nor general, within the sense of the constitution, are universally recognized as constitutional and valid. In discussing this matter it was said in *Karnes* v. *People*, 74 Ill. 274: 'Constitutions, like all other laws, must have a reasonable and practical interpretation. To give this language a literal application would require all courts in the State to meet on the same day, and the terms to be of the same length. This could not have been intended, because it must have been apparent to the framers of that instrument that such a thing could never be carried into effect.' " This expression was quoted with approval in *People* v. *Onahan*, 170 Ill. 449. This rule was likewise approved in *Chicago Terminal Transfer Railroad Co.* v. *Greer*, 223 Ill. 104, in an attack on the City Court act on this same ground.

It requires but a casual examination of the statutes to discover numerous cases where this principle has been adopted and recognized. Thus in counties not under township organization county commissioners are elected. The county courts in those counties have jurisdiction of election contests arising over the election of such commissioners, (State Bar Stat. 1935, chap. 46, sec. 98,) while county courts in counties under township organization have no such jurisdiction not because the organization, powers, proceedings or practice in these different courts are not uniform, as required by the constitution, but because of facts and for reasons wholly outside the organization of the courts, and having to do with an entirely different matter, the jurisdiction of the county court is invoked in cases arising in one county that could not arise in a like court in another county, because of a difference in the governmental structure of such county. When the statute conferred jurisdiction on county courts to hear election contempt cases arising in those cities which have adopted the City Election act, such jurisdiction was conferred alike on all county courts to hear and determine those cases arising

under that act, whenever and wherever the act has been adopted; and the fact that in certain counties the act is not applicable in nowise argues that the uniformity of the jurisdiction of the various county courts of the State is affected by the act. This contention cannot be sustained.

It is also argued that there is no basis for the exercise of certain powers and jurisdiction over the judges and clerks of election in cities or villages adopting this act, when the county court has no such jurisdiction over judges and clerks of the same county outside such city or village. They say the duties and relationships of all judges and clerks are the same and that therefore those judges and clerks outside the cities adopting the act enjoy privileges which those within the city do not enjoy and the latter are therefore denied equal protection of the laws, contrary to our constitution and the fourteenth amendment to the constitution of the United States.

Whether an act is open to the charge that it denies equal protection of the laws depends, not on whether the parties affected have been discriminated against, but whether there is a reasonable basis for the classification made by the statute. (*Illinois Bell Telephone Co.* v. *Ames,* 364 Ill. 362.) By section 10 of article 2 of the act, judges and clerks of election are classified differently from other judges and clerks of election. By that section they are made officers of the court. They are required to pass an examination. They are exempted from jury duty during the term of their service and for two years thereafter. Their selection must be approved by the court and though the statute appears to give them a right to decline to serve when selected by the board of election commissioners, yet when they accept and their appointment is approved by the county court, they may not decline to serve in the absence of excuse from service by the board of election commissioners. All of these provisions show a different approach to the selection of judges and clerks in cities under the City Elec-

tion act. While the motive of the General Assembly in enacting provisions of that character, is of no importance in determining the constitutionality of the act, yet it is clear that it was intended by the salutary provisions of this act, as stated in *People* v. *White, supra,* to put election machinery under the supervision of the court in the interest of honest elections. No such provisions as cited are applied to judges and clerks of election in precincts other than those under the City Election act. There is, therefore, a reasonable basis for the classification when considered in the light of the purpose of the legislation. The act is not open to the charge that it denies equal protection of the laws.

It is also said that section 13 of article 2 violates the due process clauses of the State and Federal constitutions in that it does not furnish a standard of conduct but renders the judges and clerks liable to contempt proceedings for misbehavior in office. These same objections were urged in *People* v. *Hoffman,* 322 Ill. 174, *Sherman* v. *People, supra, People* v. *Hoffman,* 116 Ill. 587, and *People* v. *Gordon, supra,* and were determined adversely to the contention of the plaintiffs in error here.

It is next argued that section 13 of article 2 denies plaintiffs in error the right to a fair and impartial trial in that it provides they are to be tried in open court on oral testimony in a summary way without formal pleading. They say that the record here shows that the court found them guilty before citing them to answer. The record is that the relator filed a sworn petition charging these plaintiffs in error with fraud as judges in the conduct of an election. The court thereupon finding that it appeared that they were guilty of contempt of court, set the time for hearing on the petition and they were required to answer. They did answer and evidence was heard. The abstract does not set out the evidence, whether oral or documentary. There is no claim that these defendants did not have a chance

to prove that they were not guilty. This contention was held not good in *People* v. *White, supra.*

It is next contended that the City Election act violates article 3 of the constitution regarding the division of powers of government. This question was passed on contrary to plaintiffs in error's contention, in *People* v. *Hoffman,* 116 Ill. 587, and *People* v. *White, supra.* It is also contended that this section of the City Election act is invalid in that it does not define an offense or fix punishment, and they say that the court has no power to punish for contempt except for acts against the dignity of the court. The power of the court to punish for contempt any of its officers or those bearing such relationship, or in cases which relate to matters over which the court has jurisdiction, has been many times asserted and defined. *People* v. *Peoples Stock Yards State Bank,* 344 Ill. 462; *People* v. *White, supra,* and cases there cited.

It is also argued that *Sherman* v. *People, supra,* was erroneously decided and should be overruled. This case has been many times cited and sustained and it is again adhered to. It is a rule also of general acceptance that in considering the constitutionality of an act of the legislature the court will be influenced by every presumption in its favor, also by the fact that the act has been recognized as constitutional for many years. (*People* v. *Knopf,* 171 Ill. 191; *People* v. *Morgan,* 90 id. 558.) This act lies behind all these rules. Other questions raised have been considered and either have been passed upon or do not justify further extending this opinion.

Section 13 of article 2 of the City Election act is not unconstitutional.

The judgment of the county court is affirmed.

*Judgment affirmed.*