## City of Cairo v. Feuchter Brothers.

1. CITIES AND VILLAGES—*Ordinances—Sale of Intoxicating Liquors.* —An ordinance which imposes a license fee of $100 upon every wholesale liquor dealer, and defines this branch of the liquor business as the selling or giving away in quantities of five gallons or more, and declares that it shall not apply to any one holding a valid license for the sale of liquors in less quantities than one gallon, under an ordinance which imposes a license fee of only $500 for the latter privilege, is void for unjust discrimination, for the reason that the retail license can not be issued *under the statute* for less than $500, and consequently the retail dealer in such case pays nothing for the wholesale privilege, while others are charged $100 therefor.

2. SAME—*No Power to Discriminate in Licensing the Sale of Liquors.* —A municipal corporation can exact one license fee of those selling in less quantities than one gallon, and another and different fee of those selling in quantities of five gallons or more, without unjust discrimination.

3. SAME—*Sale of Intoxicating Liquors.*—A municipal corporation can fix a fee of more than $500 for persons selling liquor in any quantities, and a smaller fee for those selling in quantities of five gallons or more, and such a classification will be reasonable and within the protection of the law.

**Memorandum.**—Prosecution for violation of an ordinance. Appeal from the Circuit Court of Alexander County; the Hon. ALONZO K. VICKERS, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

APPELLANT'S BRIEF, GREEN & GILBERT, ATTORNEYS.

Appellant contended that the validity of Ordinance No.

513 is abundantly sustained by Denney v. City of Chicago, 120 Ill. 631, and the following other cases: East St. Louis v. Wehrung, 46 Ill. 392; Timm v..Harrison, 109 Ill. 593, 600; Schumm v. Gardner, 25 App. 633, 636; Ammon v. Chicago, 26 App. 641; Byers v. Olney, 16 Ill. 35, 36.

As to question of uniformity see People v. Thurber, 13 Ill. 554, 556; Walker v. Springfield, 94 Ill. 365, 372; Howard v. Chicago, 108 Ill. 499, 500; Braunn v. Chicago, 110 Ill. 187, 193; Hawthorne v. People, 109 Ill. 302, 311; Chicago v. Rumpff, 45 Ill. 96 (top pg.); Munn v. People, 69 Ill. 80.

The city has a large discretion as to details. City Rock Island v. Huesing, 25 App. 611. Amount is within discretion of municipality. Distilling Company v. Chicago, 112 Ill. 19, 22.

Courts will give ordinances a reasonable construction and sustain rather than overthrow them. Dillon, Mu. Corp., Vol. 1, 2d Ed., Sec. 353 and note.

APPELLEES' BRIEF, LANDSEN & LEEK, ATTORNEYS.

That the ordinance now under consideration is void, for the reason that the same unjustly discriminates between persons belonging to the same class, is, we think, very clearly established by the principles laid down in the following additional cases: City of Lake View v. Tate, 33 App. 78; same v. same, 130 Ill. 247; Yick Wo v. Hopkins, 118 U. S. 356; Village of Hyde Park v. Carton, 132 Ill. 100; State v. Sheriff of Ramsey County, 48 Minn. 236; State ex rel. Garrabad v. Dering, 84 Wis. 585; Borough of Sayre v. Phillips, 148 Pa. St. 482; City of Richmond v. Dudley, 129 Ind. 112;. City of Shreveport v. Levy, 26 La. An. 671; Ex parte Frank, 52 Cal. 606; Hayden v. Noyes, 5 Conn. 391, and Willard v. Killingworth, 8 Conn. 247.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The court below held ordinance No. 513 of the city of Cairo void, and the appellant questions the correctness of this ruling.

The ordinance imposes a license fee of $100 upon every " wholesale liquor dealer," and defines this branch of the liquor business as the selling or giving away of certain intoxicating drinks in quantities of five gallons or more. The fourth section of the ordinance declares that the ordinance shall not apply to any one holding a valid license under ordinance No. 294 for the sale of liquors in less quantities than one gallon.

There could be no doubt as to the validity of ordinance No. 513, were it not for the fourth section thereof. The city could exact one license fee of those selling in less quantities than one gallon, and another and different fee of those selling in quantities of five gallons or more, without the imputation of favoritism or unjust discrimination. Or, the city could fix a fee of more than $500 for those selling in any quantities whatever, and a smaller fee for those selling in quantities of five gallons or more, and this classification would be reasonable and within the protection of the law. But in such case the fee for selling in any quantities whatever should be more than $500, for this amount is the lowest fee authorized by the statutes for sales in less quantities than one gallon, and if no more is exacted for the general privilege, there is, in fact, no fee paid for selling in quantities of five gallons or more.

This it is which constitutes the unjust discrimination. The man who sells in less quantities than one gallon, who is called the retail dealer in the argument of counsel, can not carry on his business as such retail dealer without paying a license fee of at least $500. Another desiring to sell in quantities of five gallons or more is required to pay $100 for the privilege, while the same privilege is given to the retailer gratuitously. This is manifestly unfair. Inasmuch as the retail dealer gets what he pays for when he is permitted to carry on the retail business, he should be accorded no more of privilege under the ordinance relating to wholesale dealers than would be extended to a licensed auctioneer or peddler who should desire to engage in the wholesale liquor business.

The two cases relied upon by appellant are not in point. In Timm v. Harrison, 109 Ill. 593, it was held to be proper to classify liquor dealers, and to impose different license fees upon the different classes. The classification in that case was undoubtedly a reasonable one. On the one hand were those who sold malt liquors, and on the other hand those who sold stronger drinks. It was the classification of the statute and was held to be authorized by the constitution. No question of unjust discrimination was presented by the facts of the case.

In Dennehy v. City of Chicago, 120 Ill. 627, the license fee for selling in quantities of one gallon or more was fixed at $250, but a distiller licensed for $500 under another ordinance to sell distilled spirits of his own production at the place of manufacture was exempted from the operation of the ordinance. Here the distinction between the two classes was clearly marked, and no licensees of one class could enjoy the privileges of the other class without paying the license fee therefor.

Neither of the cases above mentioned presents the question which is presented by the case at bar. If the fee fixed by ordinance No. 294 had been more than $500, then it might be contended, with some degree of force, that a portion of the fee was charged for sales in larger quantities, and that the city had the right to fix a smaller fee proportionally for one who was licensed in both classes, provided he paid some fee for the right in each class, than for one who was a licensee in one class only. But under the ordinance as framed, no part of the fee of $500 could possibly be applied to sales in quantities of five gallons or more, and the exemption of those holding such a license from liability for the fee imposed upon other wholesale dealers was without authority of law.

We approve the action of the court below in holding ordinance No. 513 void, and in rendering judgment for the defendants. The judgment is affirmed.