THE CITY OF CAIRO

*v.*

CHARLES FEUCHTER *et al.*

*Filed at Mt. Vernon November 22, 1895.*

1. MUNICIPAL CORPORATIONS—*ordinances which unjustly discriminate are void.* A city ordinance which unjustly discriminates between persons coming within the same class, and imposes burdens on some from which others are, by its terms, exempt, is void.

2. SAME—*ordinance for licensing liquor dealers void if not uniform.* A city ordinance providing a fee for the licensing of wholesale liquor dealers, which, by its terms, does not apply to persons having a retail liquor license under another ordinance of the city, is unjust, unreasonable and void.

*City of Cairo* v. *Feuchter Bros.* 54 Ill. App. 112, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Alexander county; the Hon. ALONZO K. VICKERS, Judge, presiding.

GREEN & GILBERT, for appellant:

We submit that the validity of this ordinance is abundantly sustained by *Dennehy* v. *Chicago*, 120 Ill. 627, and the following cases: *Timm* v. *Harrison*, 109 Ill. 593 ; *East St. Louis* v. *Wehrung*, 46 id. 392 ; *Ammon* v. *Chicago*, 26 Ill. App. 641; *Schumm* v. *Gardner*, 25 id. 633 ; *Byers* v. *Olney*, 16 Ill. 35.

As to the question of uniformity, see *People* v. *Thurber*, 13 Ill. 554; *Walker* v. *Springfield*, 94 id. 365 ; *Howard* v. *Chicago*, 108 id. 499 ; *Braun* v. *Chicago*, 110 id. 187; *Hawthorn* v. *People*, 109 id. 302 ; *Chicago* v. *Rumpff*, 45 id. 96 ; *Munn* v. *People*, 69 id. 80.

Courts will give ordinances a reasonable construction, and sustain rather than overthrow them. 1 Dillon on Mun. Corp. (2d ed.) sec. 353, and note.

Article 9, section 1, of the constitution of 1870, provides that "the General Assembly shall have power to

| | |
|---|---|
| 159 | 155 |
| 81a | 518 |
| 81a | 673. |
| 159 | 155 |
| 183 | 640 |
| f183 | 642 |
| 183 | 644 |
| 159 | 155 |
| 183 | 640 |
| f183 | 642 |
| 183 | 644 |
| 159 | 155 |
| e89a | ¹507 |
| 159 | 155 |
| 187 | ¹592 |
| 159 | 155 |
| 191 | ²270 |
| 159 | 155 |
| d203 | ²245 |

tax * * * liquor dealers * * * in such manner as it shall, from time to time, direct by general law, uniform as to the class upon which it operates." These words were certainly added for a purpose. That they do modify the old doctrine of uniformity, and, in matters of taxation, etc., of the business and callings enumerated,— "liquor dealers," etc.,—authorize reasonable class legislation, is abundantly shown by recent decisions. *Timm* v. *Harrison*, 109 Ill. 593; *Dennehy* v. *Chicago*, 120 id. 633; *Howard* v. *Chicago*, 109 id. 499; *Braun* v. *Chicago*, 110 id. 187.

LANSDEN & LEEK, for appellees:

The power conferred upon appellant is subject to the qualification that the ordinance must operate uniformly upon all persons belonging to the same class. *Dennehy* v. *Chicago* 120 Ill. 627.

In the case of *Chicago* v. *Rumpff*, 45 Ill. 90, the court says: "All by-laws should be general in their operation, and should bear equally upon all of the inhabitants of the municipality. Where privileges are granted by an ordinance they should be open to the enjoyment of all, upon the same terms and conditions." See, also, *East St. Louis* v. *Wehrung*, 46 Ill. 392; *Bloomington* v. *Wahl*, id. 489; *Tugman* v. *Chicago*, 78 id. 405; Dillon on Mun. Corp. sec. 256; *Zanone* v. *Mound City*, 103 Ill. 552.

That the ordinance now under consideration is void, for the reason that the same unjustly discriminates between persons belonging to the same class, is, we think, very clearly established by the principles laid down in the following cases: *Lake View* v. *Tate*, 33 Ill. App. 78, and 130 Ill. 247; *Yick Wo* v. *Hopkins*, 118 U. S. 356; *Hyde Park* v. *Carton*, 132 Ill. 100; *State* v. *Sheriff*, 48 Minn. 236; *State* v. *Dering*, 84 Wis. 585; *Borough of Sayre* v. *Phillips*, 148 Pa. St. 482; *Richmond* v. *Dudley*, 129 Ind. 112; *Shreveport* v. *Levy*, 26 La. Ann. 671; *Ex parte Frank*, 52 Cal. 606; *Hayden* v. *Noyes*, 5 Conn. 391; *Willard* v. *Killingworth*, 8 id. 247.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action brought by the city of Cairo, against Charles Feuchter and William Feuchter, before a justice of the peace, for carrying on a wholesale liquor business within said city without having a license from said city to do so. The trial before the justice of the peace resulted in a judgment in favor of the city, and defendants were fined $25 each, and costs of suit. On appeal to the circuit court of Alexander county the ordinance under which defendants were arrested was held to be illegal and void, and by judgment of the court the defendants were thereupon discharged. That judgment being taken to the Appellate Court by said city by appeal, was affirmed, and by a further appeal the record is brought to this court for review.

Defendants admitted making the alleged sales without having any license whatever from said city. The only question involved is the validity of the ordinance passed by said city of Cairo, which is as follows:

### "ORDINANCE No. 513.

"An ordinance to license, regulate and prohibit the selling or giving away of intoxicating malt, vinous, mixed or fermented liquors within the limits of Cairo in quantities of five gallons and upwards.

"*Be it ordained by the city council of the city of Cairo:*

"Section 1. That every person or persons selling or giving away intoxicating malt, vinous, mixed or fermented liquors within the limits of the city of Cairo in quantities of five gallons or more, whether in bottles, jugs, kegs, casks, barrels, half-barrels, boxes or otherwise, shall be deemed a 'wholesale liquor dealer,' within the meaning of this ordinance.

"Sec. 2. Every 'wholesale liquor dealer' may be granted a license as such, upon payment into the city treasury, in advance, of the sum of $100 where the license is for one year, and in that proportion where the license

shall be for a shorter period, but every such license shall run from the date thereof to the end of the municipal year; and upon payment being made into the city treasury, as aforesaid, such license shall be issued to the applicant in like manner as licenses are issued in other cases: *Provided,* such applicant shall file bonds to the city of Cairo and to the People of the State of Illinois, similar, in all respects, to the bonds now required to be filed by retail liquor dealers, and said bonds approved in same manner as retail liquor dealers' bonds are approved, before a license shall be issued under this ordinance.

"Sec. 3. Every person or persons who shall engage in the business of a 'wholesale liquor dealer' without having obtained a license therefor from the city, as provided in the preceding section, shall forfeit and pay to the city a fine of not less than $25 nor more than $100 for each and every offense.

"Sec. 4. This ordinance shall not apply to any person or persons who shall hold a valid license in force, issued under and in accordance with the provisions of ordinance No. 294, approved December 14, 1887, for the sale of liquors in less quantities than one gallon."

It is contended by appellees that the fourth section of the ordinance, by exempting persons who hold a license for the sale of liquor in less quantities than one gallon from the operation of said ordinance, constitutes an unjust discrimination between persons of the same class, and for that reason renders the ordinance illegal and void. If it were not for said section 4, every person who should sell or give away intoxicating malt, vinous, mixed or fermented liquors within the limits of the city of Cairo in quantities of five gallons or more would be deemed a "wholesale liquor dealer," within the meaning of the ordinance, and would be entitled to a license, as such, upon the payment to the city of the sum of $100, and the question is, whether the ordinance is rendered invalid because section 4 provides that the ordinance shall not apply to

any person who shall hold a valid license issued under another ordinance providing for the sale of liquors in less quantities than one gallon.

This section, in effect, exempts a certain class of persons from the operation of the ordinance. This exempted class could engage in the business of a "wholesale liquor dealer" without having first obtained a license therefor from the city and without becoming liable to a fine, while other persons engaging in the same business without first obtaining a license therefor from the city would be subject to a fine. This would seem to be unjust and unreasonable. (*Tugman* v. *City of Chicago*, 78 Ill. 405; Dillon on Mun. Corp. sec. 256.) The ordinance, in fact, provides that if a person has a license to sell liquor in quantities less than one gallon he is not required to take out a license to sell in quantities of five gallons or more. This evidently is a discrimination in favor of persons who are engaged, under license for that purpose, in the sale of liquor in quantities of less than a gallon, should they desire to become what the ordinance defines to be "wholesale liquor dealers." The ordinance makes a class of dealers of those who sell in quantities of five gallons or over, and it should be general in its operation, and grant the authority and power to sell in such quantities to all, upon the same terms and conditions. *City of Chicago* v. *Rumpff*, 45 Ill. 90.

In the case of *Timm* v. *Harrison*, 109 Ill. 593, relied on by appellant, it was held (p. 601) that "it is competent for the General Assembly to classify the different kinds of liquor dealers included in the general description as used in the constitution, and impose differential taxes upon such classes." The record in that case presented the "sole question of the constitutionality of the act of the General Assembly in question," and it was said, that conceding, for the purpose of the argument, that the license fee exacted was a tax, "the rule of uniformity in taxation would not be violated so long as the tax im-

posed is the same upon all the members of the particular class." And in *Dennehy* v. *City of Chicago*, 120 Ill. 627, the questions considered were the power of the city to impose a license fee upon wholesale dealers in intoxicating liquors, and whether the license provided for was imposed for revenue purposes or for the purposes of regulation; and while, in the ordinance discussed, distillers, licensed as such, who sold only distilled spirits of their own production at the place of manufacture, were not required to pay the license prescribed for wholesale liquor dealers, it was not contended by counsel nor considered by the court that those licensed as distillers could engage in the business of wholesale liquor dealers without paying the license required by the ordinance.

Ordinance 294, mentioned in section 4 of ordinance 513, provided for the issuing of a license to any person to sell liquors in less quantities than one gallon, at a place in the city to be designated in the license, upon the payment of $500, and provided fines for violations of the ordinance. The substance of the contention of appellant is, that the effect of ordinance 513 is to amend ordinance 294, and that the two ordinances should be read together as one ordinance providing for classifying and licensing liquor dealers, and that the result is to place all who sell liquors in any quantity at a designated place in one class, and all who sell only in quantities of five gallons and upwards in another class, designating the latter class as wholesale liquor dealers and requiring them to pay a license fee of $100, and requiring the former class to pay a license fee of $500; and it is then said that it is competent for the municipal authorities, as held by this court, (*Dennehy* v. *City of Chicago, supra,*) to classify liquor dealers according to the quantities in which such liquors are sold, and the purpose of sale, or both.

We think the argument is more specious than sound. In the first place, the ordinance involved does not purport to amend ordinance 294. Section 4 is in the nature

of a mere proviso, intended to except from the operation of the ordinance all those persons licensed as dram-shop keepers.   As the law (State and municipal) stood before the passage of ordinance 513, no license, nor the payment of any license fee, was required of those engaged in the business of selling liquor in quantities of five gallons and upwards, and retail dealers, though licensed as dram-shop keepers, had the same right to sell at wholesale that others had, and no more.   They could sell at wholesale without license, not by virtue of their retail license, but because the law did not require a license.   Nor does ordinance 513 provide for licensing them as wholesale dealers, but it simply exempts them, as a class of persons, from the duty of procuring a license before selling at wholesale.   Nor can it be said, we think, as contended by appellant, that the effect of the two ordinances, when considered together, is to limit the right of the dram-shop keeper to sell at wholesale to the same place designated in his license as a dram-shop keeper.   He is simply exempted from the requirements of ordinance 513, and could engage in the business of selling liquors at wholesale at any place without license, in the same manner as before the ordinance was passed.   Ordinance 513 simply provides for licensing a class of liquor dealers, to-wit, those selling in quantities of five gallons or more, which theretofore required no license, and to be valid it should be uniform, and without discrimination as to the class upon which it operates.   The city council had no power to unjustly discriminate between persons coming within the same class.   By ordinance 294 those desiring to sell in quantities less than one gallon could obtain a license therefor at the lowest amount allowed by the statute. We cannot see how the mere payment of the fee required for such license, and the obtaining of the license, could form the basis of exemption from the payment of another license fee required of all who should sell in larger quantities, if they desired to sell in such larger quantities.

In other words, can the mere compliance with existing law be made the ground for discrimination and for exemption from burdens imposed upon others? We think not. If so, then it would seem to follow that an ordinance would be valid which should provide that all wholesale liquor dealers should pay a license fee, except persons licensed as grocers, merchants, auctioneers and the like. But we do not suppose it would be contended that such an ordinance could be sustained. The power of the city to classify is not denied, but we are of the opinion that the ordinance in question makes an unjust discrimination between persons coming within the same class, and imposes burdens on some from which others are, by its terms, exempted, and that the ordinance is therefore void. *Timm* v. *Harrison,* 109 Ill. 593; *City of Lake View* v. *Tate,* 130 id. 247; *State* v. *Sheriff of Ramsey County,* 48 Minn. 236; *Borough of Sayre* v. *Phillips,* 148 Pa. St. 482; *Ex parte Frank,* 52 Cal. 606; *Hayden* v. *Noyes,* 5 Conn. 391; *Willard* v. *Killingworth,* 8 id. 247.

Finding no error in the record the judgment of the Appellate Court is affirmed.        *Judgment affirmed.*