## M. Popel and J. H. Giller v. City of Monmouth.

1. INTOXICATING LIQUORS—*Sales, Where Made.*—Where orders for liquors are taken by an agent within an incorporated town and by him transmitted to his principal at another town, and such orders are there filled and the goods shipped to the shipper as consignee, at such other town, where the agent receives them from the carrier and delivers them to the purchasers, collecting the bills therefor, *it was held* that the contracts of sale were made and consummated in the town where the orders were taken, and not elsewhere.

2. SAME—*Ordinances Discriminating in Favor of Druggists—Permits, etc.*—An ordinance of the city of Monmouth which attempts to discriminate in favor of two classes of persons who are exempted from its operation, viz., those who have a license to keep a dram-shop, and those having a druggist's permit, is invalid under article 37 of the municipal code of that city, as tending to create a discrimination in favor of the saloon-keeper, upon the principles laid down in the case of City of Cairo v. Feuchter, 159 Ill. 155.

**Debt,** for the violation of a city ordinance. Trial in the Circuit Court of Warren County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Reversed. Opinion filed April 11, 1899.

C. A. McLAUGHLIN and HOOKER, PLANTZ & HARTZELL, attorneys for appellants.

Sections 1 and 2 of the ordinance in question are unreasonable and invalid:

1st. Because they make unjust discriminations.

2d. Tend to create a monopoly.

3d. It makes an act done by one penal and imposes no penalty for an act done under like circumstances upon another.

Popel v. City of Monmouth.

4th. It unjustly discriminates between persons coming within the same class and imposes burdens upon some from which others are, by its terms, exempted. City of Cairo v. Feuchter, 54 Ill. App. 112, 159 Ill. 155; Timm v. Harrison, 109 Ill. 593; City of Lake View v. Tate, 130 Ill. 247; City of Chicago v. Rumpff, 45 Ill. 90; Tugman v. City of Chicago, 78 Ill. 405; Dennehy v. Chicago, 120 Ill. 627; Zanone v. Mound City, 103 Ill. 552; Village of Braceville v. Doherty, 30 Ill. App. 645; City of Peoria v. Gugenheim, 61 Ill. App. 374; Dillon on Municipal Corp. Sec. 256; City of Carrollton v. Bazzette, 159 Ill. 284.

The discretion of the city council whether an ordinance is reasonable, is not absolute, but subject to the limitation that the ordinance must be reasonable. City of Lake View v. Tate, 130 Ill. 247; City of Peoria v. Gugenheim, 61 Ill. App. 374.

If there is any reasonable doubt concerning the existence of power in the corporation to pass this ordinance, it must be resolved against the corporation. 1 Dillon on Mun. Corp., 55–251; Emmons v. City of Lewistown, 132 Ill. 380.

I. M. KIRKPATRICK, attorney for appellee.

A delivery to a common carrier is a delivery to the consignee, and a sale is not made until delivery is complete. Brechwald v. People, 21 Ill. App. 213; Ward v. Taylor, 56 Ill. 494; I. C. R. R. v. Southern Bank, 41 Ill. App. 287; Taylor v. Turner, 87 Ill. 296; Comm. Bank v. C., St. P. R. R., 160 Ill. 401; 2 Schouler, Per. Prop., 412.

The carrier is bailee for the person indicated in the bill of lading. 21 Am. and Eng. Ency., 507; 2 Schouler, Per. Prop. 268.

Title does not pass when vendor consigns to himself. 21 Amer. and Eng. Ency., 508; Hutchinson, Carriers, Sec. 720.

City has authority to grant permits to druggists to sell for medical, mechanical and sacramental purposes. R. S., Ch. 43, Sec. 3; R. S., Ch. 24, Art. 5, Sec. 1, Cl. 46; Dennehy v. Chicago, 120 Ill. 627.

In authorizing the sale of intoxicating liquors, cities may

impose such conditions and burdens as they may see fit. Launder v. Chicago, 111 Ill. 295; Schwuchow v. Chicago, 68 Ill. 444; Gunnarssohn v. Sterling, 92 Ill. 569; People v. Cregier, 138 Ill. 413.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action of debt brought by appellee against appellant to recover a penalty for selling intoxicating liquors in quantities larger than one gallon, in violation of a city ordinance.

The case was tried by the court without a jury, upon an agreed statement of facts in writing, which was in substance as follows:

First. That the city of Monmouth is organized under the general incorporation act of the State of Illinois.

Second. That there was regularly passed and adopted by the city council of said city an ordinance entitled, "An ordinance relating to the sale, gift or delivery of intoxicating, malt, vinous, mixed or fermented liquors;" that said ordinance was duly approved and published, and if the city council had authority, so far as the same is applicable to this case under the law, to pass the same, said ordinance was in force from and after the 27th day of June, 1897, for, during and until the present time.

Third. That the defendants, M. Popel and J. H. Giller, are and for several years last past have been brewers of malt liquors and wholesale dealers in intoxicating liquors in the city of Warsaw, county of Hancock and State of Illinois. That during all the time they have had a license to conduct such business in said city of Warsaw; that they appointed one Joseph J. Ward, of said city of Monmouth, their agent in Monmouth, and that he was their agent from the 27th day of June, 1897, until the time of the commencement of this suit; that as such agent the said Ward took orders in writing for intoxicating liquors from persons residing in said city of Monmouth, which said orders were taken in Monmouth upon printed blanks of which the following is a true and correct copy, viz.:

Name of agent, .....................
                    No. of Order ......
Date ............., 189..
To Popel & Giller, Warsaw, Ill.:
Please ship to .................................
Kind of goods .................................

C. O. D. ............................................ dollars.

                                        100

Cash inclosed ..................................... dollars.

                                        100

This order is given subject to your right to approve or reject.

Parties ordering must sign.

         (Signature)    ......................

That the said blanks were properly filled out and signed by the persons giving the order, and were, by such persons, delivered to said Ward in Monmouth, and were by him mailed to the defendants at the city of Warsaw; and that said orders were filled by the defendants at said Warsaw, and shipped by common carrier consigned to the order of the defendants to the said city of Monmouth, where and in which place the same was delivered by the common carrier to said Ward, the agent of the defendants, who thereupon delivered the several packages in said city of Monmouth to the several parties by whom they were ordered; said Ward at the same time and place collecting the bills for the same sent him for that purpose by the defendants, which had been made out against the purchasers, and deposited the money so collected and received on such bills in the bank at Monmouth to the credit of the defendants. That each order was separately filled and labeled to the purchaser, and then all orders shipped at one time, were inclosed in one package, and consigned in bulk to the order of defendants at Monmouth. That no orders were taken and none filled for any quantity of liquors, either intoxicating malt, vinous, mixed or fermented, for any quantity less than one gallon; that there have been no sales of liquor of any kind made in the city of Monmouth between the 27th day of June, 1897, and the time of the commencement of this suit by the defendants, and no orders taken by them for any such liquors, except as above stated; that during the time from the 27th day of June, 1897, until the time of the commencement of this suit, no license or permit had been granted by the city of Monmouth to the defendants, or either of them, to keep a dram-shop or to sell intoxicating malt, vinous, mixed or fer-

mented liquors in the said city of Monmouth; that from the said 27th day of June, 1897, until the time of the commencement of this suit, there was in full force and effect in the said city of Monmouth, an ordinance entitled, "Saloons," being article 37 of the municipal code, which said ordinance is in the words and figures following:

(The ordinance being lengthy we deem it unnecessary to here set it out in full, it being wholly devoted to the subject of license, and the prosecution being had upon sections 1 and 2 of an ordinance, the title of which was hereinabove first given. The stipulation of facts concludes as follows:)

"If the court holds under the facts above stipulated, and the law as applicable to the case, that the defendants are liable under the ordinance first above named, then it is agreed that the judgment of the court shall be in favor of the plaintiff for the sum of two hundred and fifty dollars, and that for such sum judgment shall be properly rendered in said cause, against the defendants and each of them."

The first and second counts of the declaration were based upon Sec. 1 of said first mentioned ordinance, which is as follows:

"Section 1. Whoever not having a license to keep a dram-shop or druggist permit shall by himself or another, either as principal, agent, servant, clerk or otherwise, directly or indirectly sell or give away, in any quantity to any person any intoxicating malt, vinous, mixed or fermented liquors shall for each and every offense be fined in any sum not less than twenty ($20) dollars nor more than fifty ($50) dollars."

The third count of the declaration was based upon Sec. 2 of said ordinance which is as follows:

"Section 2. Whoever not having a license to keep a dram-shop or a druggist permit shall by himself or another, either as principal, agent, servant, clerk or otherwise, directly or indirectly, solicit, ask or take any order from any person within said city for the sale, gift or delivery of any of the liquors mentioned in section 1 of this ordinance, in any quantity, shall for each and every offense be fined in any sum not less than twenty ($20) dollars nor more than fifty ($50) dollars."

It is not claimed that any other sections of the ordinance had been violated by appellants.

Upon the facts thus agreed upon, the questions submitted to the Circuit Court were:

1. Did the acts of appellants as set forth in the stipulation constitute a sale of liquor within the corporate limits of the city of Monmouth, as charged in the first and second counts of the declaration, or did said acts constitute the taking of orders in the city of Monmouth for the sale of liquor, as charged in the third count of the declaration?

2. If the acts of appellants constituted a sale in the city of Monmouth, was section 1 of said ordinance valid?

3. If the said acts of the defendants constituted the taking of orders in the city of Monmouth for the sale of liquor, was said section 2 of said ordinance valid?

. The court below held that the facts stipulated show sales to have been made in the city of Monmouth as charged in the first count of the declaration, and that section 1 of the ordinance is valid, but that said section 2 of said ordinance was invalid. And thereupon the court rendered judgment in favor of appellee and against appellants for $250 and costs, to reverse which judgment appellants prosecute this appeal.

We are of the opinion the court properly found that the acts of the appellants, as set forth in the stipulation, constituted sales of intoxicating liquors within the city of Monmouth. Orders for the goods were taken by Ward, the agent of appellants; by him transmitted to them at Warsaw, where they were filled, and then the goods were shipped by appellants to themselves as consignees at Monmouth, where their agent, Ward, received them from the carrier and delivered the same to the purchasers, collecting the bills therefor. Upon these facts we think it must be held that the contracts of sale were made and consummated in the city of Monmouth and not elsewhere.

We hold, however, that section 1 of the ordinance in question was invalid for the reason that it attempts to discriminate in favor of two classes of persons who are exempted

from its operation, viz., those who have a license to keep a dram-shop and those having a druggist's permit.

Article 37 of the municipal code of the city of Monmouth entitled " Saloons," which we have heretofore referred to, but not deemed necessary to set out in detail, was in full force in the city as shown by the stipulation of facts, and that article or ordinance fully provides for the licensing of persons to keep dram-shops, upon the terms and conditions therein set forth. It was evidently intended to cover the whole subject concerning the keeping of dram-shops and the retailing of intoxicating liquors in less quantities than one gallon. It would seem that the purpose of the ordinance in question in this suit, was to regulate the wholesaling of such liquors within the city. While it does not in terms refer to selling liquors at wholesale, it attempts to prohibit the sale of " any intoxicating, malt, vinous, mixed or fermented liquors " in any quantity, to any person, unless the vendor should have a license to keep a dram-shop, or should possess a druggist's permit. Under this ordinance a wholesale liquor dealer in Chicago might not sell to a saloon-keeper in Monmouth a car load lot of liquor without having taken out a license to keep a dram-shop in the city. On the other hand, a saloon-keeper, having taken out a license to keep a dram-shop, and thereby obtained the privilege of selling liquor at retail, which is all the right the city purports to give him under the saloon ordinance, may sell at wholesale in any quantity to any person who sees fit to purchase from him. A majority of the court hold that this is a clear discrimination in favor of the saloon-keeper upon the principles laid down in the case of the City of Cairo v. Feuchter, 159 Ill. 155, and in the same case in 54 Ill. App. 112. We are unanimously of the opinion, however, that the section referred to is clearly invalid because of its attempted discrimination in favor of persons holding a druggist's permit.

Section 957 of the municipal code of the city of Monmouth, which was one of the sections of the saloon ordinance, provides for the granting of permits to druggists to sell the liquors mentioned in that ordinance in less quantities than

one gallon, "for purposes purely medical, mechanical or sacramental." Such permit to be for one year, and for which a fee of $10 was to be paid by the druggist. This gave the right to sell in less quantities than one gallon, there being no prohibition against selling in quantities larger than one gallon in the city of Monmouth prior to the adoption of the ordinance under which this suit is brought, which we have seen was June 27, 1897. Before that time all persons were at liberty to sell in said city, liquors in wholesale lots, or in any quantity exceeding one gallon, whether druggists, saloon-keepers or brewers, and whether residents or non-residents of the city of Monmouth, and for doing so there was no penalty. But immediately on the passage of this ordinance of June 27, 1897, it became unlawful for any persons except dram-shop keepers having a license and druggists having a permit, to sell intoxicating liquors in any quantity whatever. These persons having received all they paid for under the saloon ordinance, and paying nothing whatever for any privileges under the new ordinance, are yet exempted from its operation. Discriminations of this character are unjust and can not be permitted. They tend to create monopolies; are unreasonable and void. The court properly held section 2 of the ordinance invalid, and we think there should have been the same holding as to section 1, which we hold to be equally invalid for the reasons given. As applied to the facts of this case, we hold sections 1 and 2 of the ordinance can not be enforced; the judgment was therefore erroneous, and must be reversed.