THE CITY OF MONMOUTH

*v.*

M. POPEL *et al.*

*Opinion filed February 19, 1900.*

1. INTOXICATING LIQUORS—*when license ordinance is subject to charge of unjust discrimination.* An ordinance which permits a person paying for a license to retail liquor in quantities of less than one gallon, to sell in quantities of more than one gallon without paying for that privilege and without being restricted as to place where such quantities shall be sold, while other persons cannot obtain that privilege at any price, is subject to the charge of unjust discrimination. (*City of Cairo* v. *Feuchter*, 159 Ill. 155, followed.)

2. SAME—*when ordinance discriminates unjustly in favor of druggists.* An ordinance which allows druggists obtaining permits, under another ordinance, for selling liquor in quantities of less than one gallon for medicinal, mechanical or sacramental purposes, to sell liquor in quantities of more than one gallon but prohibits other persons from doing so without being subject to fine, discriminates unjustly in favor of the druggists.

3. COSTS—*city not liable for costs in attempting to enforce ordinance.* A city is not liable for costs in a prosecution for violation of a city ordinance, notwithstanding the ordinance is invalid.

*Popel* v. *City of Monmouth*, 81 Ill. App. 512, reversed in part.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Warren county; the Hon. C. W. THOMPSON, Judge, presiding.

This is an action for debt brought, by the appellant, the city of Monmouth, against the appellees, Popel and Giller, to recover from the latter a penalty for the alleged violation of an ordinance of the said city, entitled, "An ordinance relating to the sale, gift or delivery of intoxicating, malt, vinous, mixed or fermented liquor." The declaration contains three counts; the first count charges, that the appellees within the said city sold intoxicating liquors in violation of said ordinance; the second count charges the sale of malt liquors by them; and the third count charges that, within said city, they

did, in violation of said ordinance, solicit, ask and take orders from divers persons for the sale, gift or delivery of intoxicating, malt, vinous, mixed and fermented liquors in divers quantities.

Appellees filed a plea of the general issue; issue was joined, jury was waived, and the cause was submitted to the court upon an agreed statement of facts in writing. Judgment was rendered against appellees for $250.00 and costs of suit, from which appellees took an appeal to the Appellate Court. The Appellate Court reversed the judgment of the circuit court without remanding the cause, and in its judgment ordered that the appellees here, who were the appellants in the Appellate Court, should recover from the city their costs.

The present appeal is prosecuted from the judgment so entered by the Appellate Court, which granted a certificate of importance.

The following facts, in substance, appear from the agreed statement of facts made in writing:

The city of Monmouth is organized under the General Incorporation act of the State of Illinois. The city passed and adopted an ordinance entitled as above stated, which was duly approved and published, and was in force from and after June 27, 1897. Appellees were brewers of malt liquors and wholesale dealers in intoxicating liquors in Warsaw, Hancock county, and had a license to conduct such business in Warsaw. They appointed Joseph J. Ward, of Monmouth, their agent at that place, and he was their agent from June 27, 1897, until the commencement of this suit on April 21, 1898. Ward, as such agent, took orders in writing for intoxicating liquors from persons in Monmouth upon printed blanks. Such blanks were filled out and signed by the persons giving the orders, and delivered to Ward in Monmouth, and by him mailed to appellees at Warsaw. These orders were filled by appellees at Warsaw, and the goods were shipped by common carrier to Monmouth to

their order, and were there delivered by common carrier to Ward, and he, thereupon, delivered the several packages in Monmouth to the parties who had ordered them, collecting the bills made out against the purchasers at Warsaw and sent to him by appellees, and deposited the money so collected in bank at Monmouth to the credit of appellees. No orders were taken or filled for any quantity of liquor of any kind less than one gallon. No sales of liquor of any kind were made in Monmouth between June 27, 1897, and the commencement of this suit by appellees, and no orders were taken by them for any such liquor except as above stated. Appellees during said time had no license or permit, issued by the city of Monmouth, to keep a dram-shop or sell intoxicating, malt, vinous, mixed or fermented liquors in Monmouth.

During the period aforesaid, there was in force in the city of Monmouth an ordinance, entitled "Saloons," being article 37 of the Municipal Code. Section 944 of said article was amended on December 6, 1897.

It was agreed in the agreed statement of facts made in writing, that, if the court should hold, under the facts stipulated and the law as applicable to the case, that the appellees were liable under the ordinance relied upon in this case, then the judgment of the court should be in favor of the city for $250.00 against appellees.

L. M. KIRKPATRICK, City Attorney, for appellant:

This being "a *quasi* criminal prosecution for the violation of an ordinance," the Appellate Court was in error in requiring the city of Monmouth to advance costs and in taxing costs in the Appellate Court against the city. *Anderson* v. *Schubert,* 158 Ill. 75; *Dobler* v. *Warren,* 174 id. 92; *People* v. *Chapin,* 48 Ill. App. 643.

The city has authority to grant permits to druggists to sell for medicinal, mechanical and sacramental purposes. Rev. Stat. chap. 43, sec. 3; chap. 24, art. 5, sec. 1, clause 46; *Dennehy* v. *Chicago,* 120 Ill. 627.

In authorizing the sale of liquors for any purpose the city may impose such conditions and burdens as it may deem fit and proper. Rev. Stat. chap. 24, sec. 63, clause 46; chap. 43, sec. 3; *Launder* v. *Chicago*, 111 Ill. 295; *Schwuchow* v. *Chicago*, 68 id. 444; *Gunnarssohn* v. *Sterling*, 92 id. 569; *People* v. *Cregier*, 138 id. 413; *Dennehy* v. *Chicago*, 120 id. 627; *United States Distilling Co.* v. *Chicago*, 112 id. 22; *Timm* v. *Harrison*, 109 id. 601.

A license to sell for certain purposes does not protect a licensee in selling for other purposes than those named in the license. 11 Am. & Eng. Ency. of Law, 643, 738.

When a license designates a particular place it will not justify a sale in another place. 11 Am. & Eng. Ency. of Law, 645, 738.

A druggist is not protected by a license in making sales in violation thereof. 11 Am. & Eng. Ency. of Law, 736; *Spake* v. *People*, 89 Ill. 617.

If an ordinance is general in its application, the mere fact that it peculiarly affects a particular person raises no presumption that it was enacted to annoy him or deprive him of his rights. *Shinkle* v. *Covington*, 83 Ky. 420.

A statute regulating the sale of intoxicating liquors, which prohibits or confines to designated individuals the sale of intoxicants in a particular district, is valid as an exercise of the police power of the State. 11 Am. & Eng. Ency. of Law, 605; *Myers* v. *Baker*, 120 Ill. 567.

C. A. McLAUGHLIN, and HOOKER, PLANTZ & HARTZELL, for appellees:

A dram-shop is a place where spirituous, vinous or malt liquors are retailed in less quantities than one gallon. Starr & Curtis' Stat. chap. 43, par. 1, p. 1587.

A person selling liquor in quantities of one gallon or more is a wholesale dealer in liquors. *Dennehy* v. *Chicago*, 120 Ill. 627.

A city can grant permits to pharmacists for the sale of liquors for medicinal, mechanical, sacramental and

chemical purposes only.    Starr & Curtis' Stat. chap. 43, sec. 1, p. 1601.

Sections 1 and 2 of the ordinance in question are unreasonable and invalid because they make unjust discriminations; tend to create a monopoly; make an act done by one penal and impose no penalty for an act done under like circumstances upon another; unjustly discriminate between persons coming within the same class, and impose burdens upon some from which others are exempted.    *Cairo* v. *Feuchter*, 54 Ill. App. 112; 159 Ill. 155; *Timm* v. *Harrison*, 109 id. 593; *Lake View* v. *Tate*, 130 id. 247; *Chicago* v. *Rumpff*, 45 id. 90; *Tugman* v. *Chicago*, 78 id. 405; *Dennehy* v. *Chicago*, 120 id. 627; *Zanone* v. *Mound City*, 103 id. 552; *Braceville* v. *Daugherty*, 30 Ill. App. 645; *Peoria* v. *Gugenheim*, 61 id. 374; Dillon on Mun. Corp. sec. 256; *Carrollton* v. *Bazzette*, 159 Ill. 284.

The discretion of the city council as to whether an ordinance is reasonable is not absolute, but subject to the limitation that the ordinance must be reasonable. *Peoria* v. *Gugenheim*, 61 Ill. App. 374; *Lake View* v. *Tate*, 130 Ill. 247.

If there is any reasonable doubt concerning the existence of power in the corporation to pass this ordinance it must be resolved against the corporation. 1 Dillon on Mun. Corp. 55-251; *Emmons* v. *Lewistown*, 132 Ill. 380.

Mr. Justice Magruder delivered the opinion of the court:

The first question in the case is, whether or not section 1 of the ordinance of June, 1897, is valid.    Counsel for the city admits in his brief that no other section of the ordinance in question has been violated.    Said section 1 is as follows:

"Whoever, not having a license to keep a dram-shop or druggist permit, shall, by himself or another, either as principal, agent, servant, clerk or otherwise, directly or indirectly, sell or give away, in any quantity, to any

person, any intoxicating, malt, vinous, mixed or fermented liquors, shall for each and every offense be fined in any sum not less than twenty ($20.00) nor more than fifty ($50.00) dollars."

At this time, and during the period from June 27, 1897, to the commencement of this suit, the ordinance, designated in the record as article 37 of the municipal code of the city of Monmouth, was in force, and is referred to and made a part of the agreed statement of facts made in writing between the parties. Article 37 of the municipal code, is referred to in the briefs of counsel as the "Dram-shop ordinance." Section 943 of article 37 provides, that "the city council may in its discretion grant license to such persons as it may deem proper for the sale of spirituous, vinous, fermented and malt liquors in quantities less than one gallon within the corporate limits of the city of Monmouth, under the restrictions of the statute in such cases made and provided, subject, however," to certain regulations set forth in section 944 and other succeeding sections of said article 37. Section 946 of article 37 provides, that the license fee shall be $800.00 for one year.

Section 957 of article 37 provides for a fine against any person convicted of keeping a place within the city for selling, giving away, or in any manner dealing in any such liquors in quantities less than one gallon, without a license for that purpose. But said section 957 contains a proviso, "that druggists or persons, whose chief business is to sell drugs and medicines, shall not be deemed to be within the provisions thereof in selling quantities less than aforesaid, for purposes purely medical, mechanical or sacramental, when such druggists shall first obtain a permit in writing from the city council, specifying the place where, and the purposes for which, such permit is granted."

The city of Monmouth, in its charter, the City and Village act, has the right "to license, regulate and pro-

hibit the selling or giving away of any intoxicating, malt, vinous, mixed or fermented liquor." (Starr & Cur. Stat. —1st ed.—p. 467). The city undoubtedly had the power to permit the sale of liquors in quantities of one gallon or more, and to prohibit the sale in quantities less than one gallon. It, also, had the power to permit the sale in quantities less than one gallon, and to prohibit the sale in quantities of one gallon or more. It had no power, however, to say, by ordinance, that one person could engage in the sale of liquor in quantities of one gallon or more, and that another person could not do so. Such an ordinance unjustly discriminates between persons coming within the same class, and imposes burdens on some, from which others are, by its terms, exempt; and it is, therefore, void. (*City of Cairo* v. *Feuchter*, 159 Ill. 155).

Section 1 of the ordinance of June, 1897, as above quoted, refers to the selling or giving away of the kind of liquors therein mentioned in any quantity, and, therefore, includes the selling or giving away of the same in quantities of one gallon or more. It cannot be otherwise construed than as prohibiting all persons from selling or giving away the kinds of liquor therein mentioned in quantities of one gallon or more, except persons having a license to keep a dram-shop, or having a druggist permit. In other words, a person who has a license to keep a dram-shop, that is to say, who has a license to sell liquor in quantities less than a gallon, may sell liquor in quantities of one gallon or more, or by wholesale, and any person having a druggist permit, as such permit is described in said section 957, may sell liquor in quantities of one gallon or more, but all other persons, except those having such license or permit, are prohibited from selling liquor in quantities of one gallon or more. Therefore, the ordinance of June, 1897, unjustly discriminates between persons coming within the same class.

The ordinance of June, 1897, cannot be regarded as an amendment of the "Dram-shop ordinance," known as

article 37 of the Municipal Code, and does not, in any way, change any of the provisions of said article 37. That this is so, appears from the fact that the "Dram-shop ordinance," or article 37, was amended by an ordinance passed December 6, 1897, and the said amendment did not, in any way, mention the ordinance of June, 1897, although the amendment was passed after the passage of the ordinance of June, 1897.

The ordinance of June, 1897, was evidently intended to regulate sales in quantities of one gallon or more, and the "Dram-shop ordinance," or article 37, was intended to regulate sales in quantities less than one gallon.

By the terms of the stipulation, the appellees made no sales in quantities less than one gallon. They might, therefore, be called wholesale liquor dealers. The city of Monmouth might have provided by ordinance, that intoxicating liquors could not be sold in Monmouth in quantities of one gallon or more, and might have provided for dram-shops where it could be sold in quantities less than one gallon. In such case, it would have exercised the right given it by law to license, regulate and prohibit the traffic. It has, however, required certain things to be done before a license can be procured to sell liquors in quantities less than a gallon, such as paying a license fee, giving bond, etc.; but it also provides that, in the case of persons selling liquor in quantities of one gallon or more, they must have a license to keep a dram-shop or a druggist permit. There is no reason why a person, who has a license to keep a dram-shop, or has a druggist permit, should have any greater privileges in the matter of selling liquor in quantities of one gallon or more, than any other person not having such license or permit. The business of selling liquor at retail, or in quantities less than one gallon, is separate and distinct from the business of selling at wholesale, or in quantities of one gallon or more; there is no connection between the two. One is prohibited by statute, unless such per-

183—41

mission is given by the city; and the other is permitted by statute, unless prohibited by the city. The "Dram-shop ordinance" declares the business of selling liquors in quantities less than one gallon to be criminal, except so far as it is expressly authorized and made lawful by license. (*People* v. *Cregier*, 138 Ill. 401; Rev. Stat. chap. 43). The holder of a dram-shop license obtains thereby the right to sell in quantities of less than one gallon only; and, when he pays for that license, and is allowed to sell in such quantities, he has received all that he has paid for, and has no more right or privilege with reference to sales of one gallon or more, than the grocer, merchant or any other citizen. The retail dealer of liquor gets what he pays for, when he is permitted to sell in quantities of less than one gallon, and he should be accorded no greater privilege under the ordinance relating to sales of one gallon or more, than would be extended to a licensed auctioneer, or peddler, desiring to engage in the whole-sale liquor business. (*City of Cairo* v. *Feuchter*, 54 Ill. App. 112).

By article 37, above mentioned, those desiring to sell in quantities less than one gallon can obtain a license therefor upon the payment of a license fee of $800.00. The mere payment of the fee required by such license, and the obtaining of the license, form no basis of exemp-tion from a prohibition against the making of sales in larger quantities. The mere compliance with the "Dram-shop ordinance" cannot be made the ground for discrimi-nation and exemption from burdens imposed upon persons not having a license to keep a dram-shop. Although the city has power to classify, yet the ordinance of June, 1897, makes an unjust discrimination between persons coming within the same class.

The facts of this case bring it within the doctrine laid down by this court in the case of *City of Cairo* v. *Feuchter*, 159 Ill. 155, where it was held, that a city ordinance, pro-viding for a fee for the licensing of wholesale liquor deal-

ers, which, by its terms, did not apply to persons having
a retail liquor license under another ordinance of the
city, was unjust, unreasonable and void.    The reasoning
in the *Feuchter case, supra*, applies to the case at bar, and
is decisive of it, and need not be here repeated.    It is
said that the ordinance of June, 1897, is not open to the
objection made to the Cairo ordinance in the *Feuchter
case*, and is not subject to the objection that it makes an
unjust discrimination between persons coming within the
same class, upon the alleged ground that any one, who
gets a license to keep a dram-shop, may sell in any quan-
tities, and that, therefore, all are treated alike.    The
distinction contended for does not exist.    It was as true
of the ordinance in the *Feuchter case*, as of the one here in
question, that any one who has a dram-shop license can
sell in any quantity, and, consequently, there is discrimi-
nation in both ordinances in favor of the keeper of the
dram-shop.    A law, which permits a party who pays
$800.00 for the right to sell liquor in quantities less than
a gallon, to sell in quantities of one gallon or more with-
out paying anything for the privilege, while other per-
sons cannot obtain the privilege at any price, is subject
to the charge of unjust discrimination.    Under the ordi-
nance of June, 1897, a man in Monmouth, who desires to
sell liquor in quantities of one gallon or more, must first
purchase a dram-shop license by paying $800.00 as a
license fee; but the dram-shop keeper enjoys the same
privilege without being obliged to pay anything there-
for, inasmuch as the license fee of $800.00 which he has
already paid is for the right to sell in quantities less than
a gallon.    It cannot be said, that the ordinance of June,
1897, confines all dealing in liquor in Monmouth to places
where their dram-shops are located; on the contrary, the
ordinance does not, in any way, fix any limits or bounda-
ries as to the place where the sales in quantities of one
gallon or more may be made.    It does not provide, that
sales in quantities of one gallon or more, made by the

dram-shop keeper, shall be made on the premises where his dram-shop is located.    This same contention was made in *City of Cairo* v. *Feuchter, supra,* and was there held to be without force.

The same observations, made in regard to the holder of a license to keep a dram-shop, apply to the holder of a druggist permit.    Under section 957 of article 37, and under the law of the State, a druggist, having such permit, can sell liquor in the city of Monmouth in quantities of less than one gallon, but for purposes purely medical, mechanical or sacramental, and not for any other purpose whatever.    As to sales in quantities of one gallon or more, the ordinance of June, 1897, permits the druggist, having the permit in question, to sell in such quantities, but prohibits his neighbor from doing so without being subject to a fine.    No good reason can be given for this discrimination in favor of the druggist.

We are, therefore, of the opinion that the Appellate Court was correct in holding said section 1 to be invalid, and in reversing the judgment of the circuit court, the latter court having held it to be valid in the propositions submitted to it to be held as law in the decision of the case.

But we are of the opinion that the Appellate Court erred in rendering judgment against the appellant, the city of Monmouth, for costs.    The city is not liable for costs in such a case.    (*City of Carrollton* v. *Bazzette,* 159 Ill. 284; *Anderson* v. *Schubert,* 158 id. 75; *Town of Nokomis* v. *Harkey,* 31 Ill. App. 107; *City of Petersburg* v. *Whitnack,* 48 id. 663; *People* v. *Village of Chapin,* id. 643; *Fosselman* v. *City of Springfield,* 38 id. 296; *City of Centralia* v. *Nagele,* 181 Ill. 151).

For the error indicated, the judgment of the Appellate Court is modified, so far as the costs are concerned, in accordance with the views herein expressed, and in all other respects the judgment of the Appellate Court is affirmed.                              *Modified and affirmed.*